THOMAS ROGERS, Plaintiff in Error, *v.* JOHN HOLDEN, Defendant in Error.

### ERROR TO ADAMS.

A valid award has the force of an adjudication, and effectually concludes the parties from litigating the same matters anew.

An appeal is allowed from the judgment of a justice of the peace, founded on an award, not for the purpose of allowing a party to go behind the award, but any legal defence to it may be insisted upon, and if it is invalid, the parties will be remitted to their original rights.

The case of Van Winkle *v.* Beck, 2 Scammon, 488, overruled.

THE judgment in this cause was first rendered before a justice of the peace in Adams county, in October, 1850, in favor of Holden, for fifteen dollars and costs, from which Rogers appealed to the Circuit Court of Adams county. In the Circuit Court, Holden entered a motion to dismiss the appeal, for want of jurisdiction in the court to entertain the same, and because an appeal does not lie, the judgment before the justice having been rendered on an award of arbitrators. Rogers entered a cross-motion to dismiss the suit.

Upon the hearing of these motions, Rogers read the transcript of the justice, which recited that the parties appeared, and agreed to refer the difference between them to three individuals, as arbitrators, making a certain lease, executed by Nathan Ward to said Rogers, filed in the court, the basis, and all other matters existing between them, having any reference to said leased land, whereupon the cause was continued. The arbitrators were sworn, and proceeded to a conclusion, upon which the judgment in question was rendered.

The arbitration bond and award, which were filed in the Circuit Court by the justice, as the papers on which his proceedings and judgment were found, were also read. By the arbitration bond, the parties bound themselves to each other in the sum of one hundred dollars, to abide the award of said arbitrators. The award was signed by only two of the arbitrators. This was all the evidence and papers. The court, O. C. SKINNER, J., presiding, at June term, 1851, sustained the motion to dismiss the

appeal, on the ground that an appeal was not allowable in such cases. Rogers excepted, and brings the case here by writ of error.

WILLIAMS & LAWRENCE, for plaintiff in error, cited R. L. 1845, p. 57, § 13; p. 321, §§ 42 and 43; p. 323, § 58; 2 Scam. 489; 6 Johns. R. 39.

WARREN & EDMONDS, for defendant in error, cited 2 Scam. 489; 3 Blackf. 141; Rev. Sts. of 1833, p. 395.

TREAT, C. J. The parties originally appeared before a justice of the peace, and agreed to refer certain matters in difference between them to the arbitrament of three persons, two of whom heard the case, and made an award in favor of Holden for $15. The justice spread the award on his docket, and entered a judgment thereon against Rogers. The latter prosecuted an appeal, which was dismissed by the Circuit Court, on the ground that an appeal did not lie in such a case.

Parties to a suit before a justice may refer the matter in controversy to arbitrators, who are to hear the case, and deliver their award in writing to the justice; and he is to enter the same on his docket, and give judgment thereon. Rev. St. chap. 59, § 43. Appeals from judgments of justices of the peace are allowed in all cases, except on judgments confessed. Rev. St. chap. 59, § 58. This provision is broad enough to embrace the present case. But we are referred to the case of Van Winkle *v.* Beck, 2 Scam. 488, as settling the question that an appeal cannot be prosecuted from the judgment of a justice upon an award of arbitrators. That case was substantially like the present, and a judgment of the Circuit Court, dismissing the appeal, was affirmed. The court said: " The parties in this case thought proper to select their mode of trial by arbitrators. It was an act purely voluntary. The parties submitted their controversy to a tribunal of their own choosing, and by its decision they must stand. We are of opinion that the Circuit Court decided correctly in dismissing the appeal, as we think no appeal lies in such a case." This reasoning as to the effect of an award is unquestionably

Rogers *v.* Holden.

correct. A valid award has the force of an adjudication, and effectually concludes the parties from litigating anew the same matters. But it by no means follows, that an appeal may not be prosecuted from the judgment of a justice, founded on an award. An appeal is granted in such a case for the purpose of reviewing the action of the justice, and not for the purpose of allowing a party to go behind the award, and reinvestigate the matters passed upon by the arbitrators. A justice may enter a larger judgment than the award authorizes. Shall not the defendant be permitted to have it modified in the Circuit Court? The award may be invalid, and form no proper basis for the judgment. Shall not the party be allowed to prosecute an appeal for the reversal of such a judgment? A contrary rule might be productive of gross injustice. We are clearly satisfied that the statute authorizes an appeal from the judgment of a justice on an award; and that the decision in Van Winkle *v.* Beck was erroneous, and ought now to be overruled. The effect of such an appeal may not be the same as in ordinary cases. If the award is binding on the parties, any inquiry into the matters originally controverted is forever closed. And the only question, then, is as to the correctness of the decision of the justice. The appeal brings up the award for judgment, and any legal defence to it may be insisted on. Any objection that might properly have been taken to it before the justice, may be made in the Circuit Court. If the award is free from objection, and no error has been committed by the justice, the judgment must be affirmed. But if the award is invalid, the parties are remitted to their original rights, and may investigate the matters in difference, as if the same had not been referred to arbitration.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*