Isaac N. Reeve, Plaintiff in Error, v. Fielding Mitchell, Defendant in Error.

ERROR TO GREENE.

The evidence upon which a decision is founded must appear of record, in order to have it reviewed in this court.
The submission of a pending action to arbitration operates as a discontinuance of it.

This cause was heard by Woodson, Judge, at October term, 1852, of the Greene Circuit Court.

M. McConnel, for plaintiff in error.

D. A. Smith, and J. M. Palmer, for defendant in error.

Treat, C. J.　This state of case appears from the record. In April, 1852, Reeve obtained a judgment against Mitchell in a justice's court, and Mitchell prosecuted an appeal. A summons issued out of the circuit court, but the sheriff made no return thereon. An agreement is copied into the record, bearing date in September, 1852, purporting to be executed by the parties, which recites the recovery of the judgment before the justice, and the pendency of the cause in the circuit court by appeal, and concludes as follows: " The parties agree to arbitrate the said suit, by each party choosing one good and lawful man, and having them duly sworn, and then decide the matter agreeable to justice between said parties, according to the testimony offered in the case; and each party fully agrees to abide the decision of the arbitrators, and withdraw their said suit from the circuit court." A paper is also copied into the record, purporting to be the award of arbitrators, which requires Mitchell to return a mare and colt to Reeve, and each party to pay one half of the costs of the suit. Then follows an order made by the circuit court, in October, 1852, in these words: " Ordered, that this case be dismissed according to agreement on file, each party to pay half the costs." This order of dismissal is assigned for error by Reeve.

The judgment must be affirmed, unless it affirmatively appears that error has intervened to the prejudice of the plaintiff. We cannot say that the circuit court erred in dismissing the

suit. The presumption is, that the decision was correct; and there is nothing in the record to rebut this presumption. The evidence upon which the decision was founded does not appear in the record. It may have required the dismissal of the case. If the evidence did not warrant the ruling of the circuit judge, it should have been incorporated into a bill of exceptions. This court might then review his action in the case. It may be, that the submission and award were in evidence before him. If so, they clearly authorized the order of dismissal. If these papers are genuine, the parties had selected another tribunal to adjust their differences, and the decision of that tribunal effectually concluded them from any further litigation in this case. The submission of a pending action to arbitration operates as a discontinuance thereof, even though the arbitrators do not take upon themselves the burden of the submission. Larkin v. Robbins, 2 Wend. 505; Town v. Wilcox, 12 Ib. 503. If there was such a submission by these parties, it amounted to a withdrawal of the case from the circuit court, and fully justified the court in making the order of dismissal. The division of the costs could not prejudice the plaintiff. If he had done an act that prevented him from prosecuting the suit, he could not complain that a part of the costs was adjudged against him. The dismissal of the case did not determine the validity of the award. The plaintiff may still show that the award is not binding, and therefore no bar to another suit on the same cause of action.

The judgment is affirmed.

*Judgment affirmed.*