JOSEPH B. PIRKINS, USE, ETC.,

*v.*

ROSA RUDOLPH, AND ROBERT RUDOLPH.

1. REPLEVIN — *reference of, to arbitration, releases surety in bond.* A reference of an action of replevin to arbitration, without the knowledge or consent of the surety in the replevin bond, releases such surety.

2. SAME — *undertaking by surety in bond.* The surety in such a bond undertakes only, that the principal shall prosecute his suit with effect and without delay, and make return of the property replevied, if a return shall be awarded.

3.  SAME.  This undertaking to prosecute the suit with effect and without delay, has express reference to its prosecution in court, before the court, and not privately, before arbitrators.

4.  SAME — *why it should be prosecuted in court.*  By a prosecution in court, a return of the property might have been awarded, in which event the surety might have taken the property and delivered it in discharge of his bond.

5.  SAME.  Such surety does not undertake to pay a judgment for money in amount equal to the value of the property replevied, and that, too, without an investigation in court.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. Y. RICE, Judge, presiding.

This was an action of debt on replevin bond by plaintiff in error against Andreas Kun and one John Ruf.

The declaration consists of three counts, in the usual form, upon a replevin bond executed to plaintiff in error by one John Ruf, principal, and Andreas Kun, surety.  Each count sets forth that the replevin suit was terminated in favor of the defendant in replevin by the judgment of the court in which the suit was pending; that defendant in replevin obtained judgment in the replevin suit in his favor for $240 and costs, and concludes by assigning breaches; that plaintiff in replevin (John Ruf) did not prosecute his suit with effect; that he did not prosecute his suit without delay; that he did not save and keep harmless plaintiff in error, etc.

To this declaration defendant (Kun) filed three special pleas, each of which was demurred to by plaintiff.  The court sustained demurrers to first and third pleas, and overruled demurrer to second plea, which is in substance as follows:

That defendant (Kun) signed the replevin bond as surety; that by agreement of plaintiff and defendant in replevin, and without his knowledge or consent, the said action of replevin was referred, by order of the court, to the arbitrament and award of three arbitrators named in the order; that the arbitrators acted upon the matter thus referred to them, made their award, and reported the same to the court, without his knowledge or approbation; and that the court, by agreement of said parties, without his knowledge or approbation, entered judgment

in the replevin suit, in accordance with said award, in favor of defendant in replevin and against plaintiff in replevin for $240 and costs, etc.; whereby he (Kun) was discharged from liability by reason of signing said bond, etc.

On overruling demurrer to second plea, the court rendered judgment against plaintiff in error and in favor of Kun for costs, etc.

Default against Ruf.

From this judgment the plaintiff sued out a writ of error, and assigns the following errors:

1. The court below erred in rendering judgment against plaintiff in error for costs.

2. The court erred in overruling plaintiff's demurrer to second plea.

3. The court erred in not rendering judgment for plaintiff in error upon demurrer.

Mr. N. M. BROADWELL, for the Plaintiff in Error, presented and argued this question as follows:

Will the reference of a replevin suit, under order of the court in which the same is pending, by consent of the parties thereto, to arbitrators, and an entry of judgment upon the award of the arbitrators named in the order of reference, without the knowledge of the surety on the replevin bond, discharge said surety?

The solution of this question, he said, depended upon the nature and extent of the surety's undertaking. He expressly stipulates that his principal shall prosecute his suit with effect, and without delay, and make return of the property in case the court so orders, and save and keep the sheriff harmless, etc.

1. It thus appears that the very essence of his contract is to make himself answerable for his principal's conduct of the suit before it culminates in a judgment, and for his action after and under the judgment.

It follows, therefore, he said, that the surety is bound by all the steps his principal may, in good faith, take in the prosecution of the suit, and he is bound by the result of the litigation

thus conducted; and if the court had jurisdiction of the parties and the subject-matter in litigation, he is bound by all the orders and judgments of the court in the cause. *Wills* v. *Griffin*, 2 Head, (Tenn.) 568.

2.   The surety is bound by all the modes of adjudication within the sphere of the court, known to the law, at the time the replevin bond was executed, upon the principle that the laws existing when and where a contract is made, form a part of it.   At the time this surety bound himself, the law providing that any suit pending in a court of record might be referred, by order of court, to arbitrators, etc., was in full force.   Vol. 1 Purple's Statutes, sec. 2, page 88.   Hence this was one of the modes by which this suit might properly be tried, and the surety is as much bound by this mode of trial, as he would be by a trial by the court, the parties, by agreement, having dispensed with a jury, etc.

3.   The submission of a replevin suit to arbitration does not discharge the surety on the replevin bond.   *Moore* v. *Bowmaker*, 1 Eng. Com. Law R. 417; *Tibbal* v. *Cahoon*, 10 Watts, 232.

Messrs. STUART, EDWARDS & BROWN, and Mr. JOHN E. ROSETTE, for the Defendants in Error, contended that the plea was good — that the surety was discharged by the reference to arbitration without his knowledge and consent; and cited 2 Am. Lead. Cases, 423; *Coleman* v. *Wade*, 2 Selden, 44.

They further insisted, that the case of *Moore* v. *Bowmaker*, cited by the plaintiff in error, was overruled, and that the decisions overruling it sustain the plea; citing 1 Exch. R., 3 Price, 214, 355; *Bowmaker* v. *Moore; Archer* v. *Hale*, 15 Eng. C. L. 42; 7 Bac. Abr. 78, title Replevin D.; Rev. Stat., ch. 88, secs. 4 and 6; Scates' Comp. 226; amendatory act, March 1, 1847, ib. 227.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt upon a replevin bond, in the usual form, to which the defendant pleaded, that he signed the bond

as surety; that by agreement of the plaintiff and defendant in replevin, and without his knowledge or consent, the action was referred, by order of court, to arbitrators, who made their award and reported the same to the court, without defendant's knowledge or approbation, and that the court, by agreement of the parties, without defendant's knowledge or approbation, entered judgment in the replevin suit, in accordance with the award, in favor of the defendant in replevin, and against the plaintiff therein, for the sum of two hundred and forty dollars and costs, whereby this defendant was discharged from liability by reason of signing the bond.

A demurrer to this plea was overruled, and for default of other replication, judgment was rendered against the plaintiff for costs, who brings the case here by writ of error, and assigns this judgment as error.

It is urged by the plaintiff in error, that the surety in such a bond, expressly stipulates that his principal shall prosecute his suit with effect and without delay, and make return of the property if the court so order, and save and keep the sheriff harmless, and that it is of the essence of his contract, to make himself answerable for his principal's conduct of the suit, before it culminates in a judgment, and for his action after and under the judgment. Hence it follows, that the surety is bound by all the steps his principal may, in good faith, take in promoting the suit, and is bound by the result of the litigation thus conducted; and if the court had jurisdiction of the parties, and the subject-matter of the suit, he is bound by all the orders and judgments of the court in the cause. That the surety is bound by all the modes of adjudication within the sphere of the court, known to the law at the time the bond was executed, upon the principle that the law in force when a contract is made, forms a part of the contract.

Upon the first point, reference is made to the case of *Wills* v. *Griffin*, 2 Head, (Tenn.) 568. We have not that book to examine, yet accord the general principle, as announced.

We agree also, that at the time this surety bound himself, it was competent to parties to agree to refer any suit pending in a court of record, to arbitration.

The question then is, does the submission of a suit in replevin without the consent of the surety in the bond, discharge him? The plaintiff in error contends it does not, and refers to the case of *Moore* v. *Bowmaker*, 1 Eng. Com. Law Rep. 417. We find the case reported in 1 Eng. Com. Law, 663, and the note of it is, that a defendant in replevin does not, by giving time to the plaintiff in replevin, discharge the sureties in the replevin bond, which is not the precise point made here. The point there was, that although by the reference to arbitrators time had been given to the tenant, there was no analogy in such case, to the case of a creditor giving time to his debtor, without the consent of the surety, as the surety had been deprived of no right, or placed in no worse situation, and it was not thought to have any resemblance to a case where the bail are prevented from surrendering the principal, since it is not in the power of a surety in a replevin bond to take the goods and restore them to the avowant.

We find a case in 25 Eng. C. L. Rep. 53, *Aldridge* v. *Harper et al.*, where it was held, it was no plea to an action against sureties on a replevin bond, that the replevin cause was referred to an arbitrator, and that he, without the knowledge of the sureties, gave time to the principal. That relief might be had on application by motion, or by a bill in equity.

It is insisted by the defendant in error, that *Moore* v. *Bowmaker*, has been overruled, and he cites *Bowmaker* v. *Moore et al.*, 1 Exch. Rep. 355. This was a motion for an injunction to restrain Moore from proceeding at law in an action on a common replevin bond against the plaintiff, the same case cited above. The court said, the question lay in a narrow compass. The bond was conditioned that the principal should prosecute his writ with effect against the landlord. The action of replevin is in fact entered; but afterwards, an agreement is entered into between the landlord and tenant, without the concurrence of the surety, whereby the tenant is precluded from proceeding according to the condition. By that agreement, a mode is chalked out for ascertaining and arranging their mutual demands, and in the meantime, all proceedings are to be stayed; so that the

tenant is restrained, by the act of the landlord, from doing that which his surety has engaged he shall do. It turns out that the same parties afterwards agree that the action shall proceed, so as to give the landlord his original remedy against the surety; but that is what we cannot suffer after what has been done. When the agreement of reference was executed, the bond, as against the surety, was *functus officio.*

On a review of these cases by the Common Pleas, the first two having originated in that court, PARK, J., in the case of *Archer* v. *Hale,* 15 E. C. L. 42, held, that a reference of a replevin suit, without the consent of the surety in the replevin bond, discharged the sureties, and this in accordance with the case cited from 1 Exch. Reports. Justice PARK says, the cases from the Exchequer were never mentioned to the court, when they made the decisions in *Moore* v. *Bowmaker,* and in *Aldridge* v. *Harper.*

This case of *Archer* v. *Hale,* affirming the correctness of the decision in 1 Exch. R., establishes the doctrine contended for by the defendant in error.

In *Coleman* v. *Wade et al.,* 2 Selden (N. Y.), cited by defendants in error, it was held, that where an award upon a submission between a creditor and principal debtor extends the time for payment by the debtor beyond that fixed in the contract, sureties for the performance of the contract are discharged.

This is on the familiar principle that giving time to the principal debtor discharges the surety, for the reason, it deprives the surety of the privilege of paying the debt, and then bringing his action against the principal.

We place our decision, however, on the ground that the surety in the bond undertook only that the principal would prosecute his suit with effect and without delay, and make return of the property replevied, if a return should be adjudged. This undertaking, to prosecute the suit with effect and without delay, has express reference to its prosecution in court, before the court, and not privately, before arbitrators. Had it been prosecuted in court, as it would have been without this arrangement to arbitrate between the plaintiff and defendant, the court

might have awarded a return of the property, which would have enabled the surety to take the necessary steps to effect a redelivery to the officers, or to secure himself, in some way, on the issuing of the writ of *retorno habendo.* He did not undertake to pay a judgment for money, in amount equal to the value of the property replevied, and that without an investigation in court.

These being the views entertained by the Circuit Court, its judgment must be affirmed.

*Judgment affirmed.*

| 36 | 313 |
|----|-----|
| 131 | 168 |

| 36 | 313 |
|----|-----|
| 137 | 493 |

| 36 | 313 |
|----|-----|
| 153 | 287 |

| 36 | 313 |
|----|-----|
| 175 | 444 |

| 36 | 313 |
|----|-----|
| 181 | 595 |