# JOHN CUNNINGHAM

## *v.*

# VANISON CRAIG.

1. SUBMISSION TO ARBITRATION—*effect thereof upon pending suit.* In a suit in chancery, a reference was made to the master, and pending such reference, the parties mutually agreed to submit the matters in difference to three persons as arbitrators, upon whose award the court should have power to enter a decree. The arbitrators made their award, that the bill should be dismissed. At the next term of the court, an order was entered discontinuing the suit, for the reason that the matters in dispute had been submitted to arbitration. This was proper. The submission of the pending suit operated as a discontinuance thereof.

2. SAME—*questioning the validity of the award.* The validity of the award could not be questioned in that suit, because, by the fact of submission, the cause was out of court. But the dismissal of the suit did not determine the validity of the award. That was still open to attack, and might be shown, in a proper action, not to be binding, and therefore no bar to another suit on the same cause of action.

3. BILL OF EXCEPTIONS—*when necessary.* In case of the discontinuance of a cause upon the ground that the parties had submitted the matters in dispute to arbitration, if it is desired to question the fact of submission,

the evidence in respect thereto should be preserved in a bill of exceptions. In the absence of proof to the contrary, it will be presumed the court below decided correctly, that there was a submission.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

The opinion states the case.

Messrs. HENRY, REED & STEELE, for the plaintiff in error.

Mr. O. B. FICKLIN, and Messrs. WILEY & PARKER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, exhibited in the Coles circuit court by John Cunningham, against Vanison Craig, for an account and settlement of a partnership between complainant and defendant.

The defendant put in a full answer to the bill, to which complainant filed a replication, and a reference was made to the master in chancery to state an account. Pending this reference, the parties mutually agreed to submit the matters in difference to three persons, as arbitrators, and that the court should have power and authority to enter a decree according to the award.

The arbitrators made their award, that the defendant was not indebted to complainant as charged in his bill, and that the bill be dismissed, and the same was filed in the circuit court.

At the next succeeding term of the circuit court, complainant entered a motion to reject the award, and the defendant entered his motion to discontinue the cause, for the reason that the matters in dispute had been submitted to arbitrators. The

court allowed defendant's motion, and the cause was discontinued. To reverse this judgment, the record is brought here by writ of error.

We do not perceive any grounds for the reversal of this judgment. The parties, by their own act, withdrew their matters in difference in the pending suit, from the consideration of the court, and submitted them to the judgment of three arbitrators, of their own selection, stipulating that their decision should be final.

The arbitrators met and heard the evidence, and found the defendant was not indebted to the complainant, and that the bill should be dismissed.

What, then, was the effect of this submission upon the pending suit? That has been determined by this court in the case of *Reeve* v. *Mitchell*, 15 Ill. 297, where it was held that the submission of a pending action to arbitration, operates as a discontinuance thereof, even though the arbitrators do not take upon themselves the burden of the submission. In this case, the submission provided the award should be made the judgment of the court.

The only question can be, was there such a submission? If there was, it amounted to a withdrawal of the case from the circuit court, and justified that court in making the order of dismissal.

If the other party was not satisfied with the evidence of the submission, he should have preserved it by bill of exceptions. In the absence of proof to the contrary, the presumption must prevail that the decision was correct. So far as the record discloses, there was a submission and an award, and as the parties had voluntarily selected the tribunal to decide their case, such selection concluded them from any further litigation of the case.

It is, however, to be understood, that the dismissal of the suit does not determine the validity of the award. That is still open to attack. The plaintiff may, in a proper action, show it is not binding, and therefore no bar to another suit on the same

cause of action. We only decide that the submission itself was a discontinuance of the pending action.

That this is settled doctrine, may be seen by reference to 2 Danl. Ch. Pr. 1101; *Larkin* v. *Robbins,* 2 Wend. 505; *Town* v. *Wilcox,* 12 ib. 503; *Smith* v. *Barber,* 2 Hill, 387; *Wells* v. *Lain,* 15 Wend. 99.

These considerations dispose of the point made by plaintiff in error, that he should have had an opportunity of showing that the award was void on its face.

If we are correct in saying the effect of the submission was to work a discontinuance, the validity of the award could not be made a question. By the fact of submission to arbitrators, the cause was out of court.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed*