PERRIGO GOLD MINING AND TUNNELING CO. et al. *v.* GRIMES.[*]

PRACTICE — *waiving demurrer to pleas.* Where, after a demurrer to pleas has been sustained, the defendants take leave to amend and file other pleas, the first will not be reviewed in this court.

*Replevin bond — effect of submission to arbitrators in replevin suit.* To an action on a replevin bond, it is a good defense under sec. 14, R. S. 540, that the matters in controversy in the suit wherein such bond was given were submitted to arbitrators who made an award, upon which judgment

---

[*] Another cause between the same parties, involving the same points, was determined in the same way.

was entered, and that defendants were the owners of the property replevied and mentioned in the condition.

An unconditional submission to arbitrators of the matters in controversy in a replevin suit will operate to discontinue the suit, and, thereupon, it cannot be said that the merits of the case have been determined in that action.

The plaintiff does not by such submission dismiss his suit, nor suffer nonsuit therein, within the meaning of section 14 of the replevin act.

The stipulations in a replevin bond refer to the acts and omissions of the principal obligor in the replevin suit.

And if the replevin suit in which the bond was given be withdrawn from the court and referred to arbitrators, by the agreement of the parties, a surety in the bond is discharged.

*What the plea should contain.*   But in order to have advantage of this defense, a plea by a surety, setting up the facts, should traverse some matter alleged in the declaration, as that the replevin suit was prosecuted to judgment.

And if this is not done, except inferentially, as by alleging matters inconsistent with the truth of the declaration the plea will be bad on demurrer.

*When a submission to arbitrators will not discontinue the suit.*   A submission to arbitrators of matters in controversy in a pending suit, which provides that the award of arbitrators shall have the force and effect of a verdict of a jury, and that judgment may be entered thereon in that action, is distinguishable from one which contains no such stipulation, inasmuch as it plainly requires further proceedings in the cause.   By such submission the cause is not withdrawn from the court, as would be the case if there was nothing to show an intention to proceed further therein.

*Whether by such submission judgment is confessed.*   And where such submission is made, the parties are regarded as confessing the judgment, which may, thereafter, be entered according to its terms upon the award of arbitrators.

*Whether sureties in the replevin bond are discharged.*   And in such case neither the principal nor the sureties in the replevin bond will be discharged from their obligation by the reference to arbitrators.

Such a reference to arbitrators does not operate to stay proceedings in the replevin suit.

And, therefore, it cannot be said that the obligee in the bond has given time to the principal obligor, and thereby discharged the sureties.

*Damages where plaintiff is a mortgagee only.*   As between mortgagor and mortgagee, the measure of damages in an action on a replevin bond is the amount due on the mortgage, and evidence tending to prove that that relation existed between the principal obligor and the plaintiffs in replevin should be received.

## *Error to District Court, Gilpin County.*

THE second additional plea mentioned in the opinion is thus: And the said defendant, Robert W. Mead, for a fur-

ther plea in this behalf, by leave of the court here for this purpose had and obtained, says that he ought not to be charged with the said debt by virtue of the said writing obligatory, because he says that after the making of the said supposed writing obligatory, to wit : on the 22d day of July, A. D. 1872, and while the said suit in replevin in which said supposed writing obligatory was given, was being prosecuted and was still pending and undetermined, the said Hahn and Clark of the one part, and the said Perigo Gold Mining and Tunnel company of the other part, made and entered into an agreement in writing in and by which said agreement they agreed to, and with each other, that said suit in replevin and all matters, disputes and issues growing out of the same, should be submitted to Gilbert B. Reed, I. Newton Wilcoxen and Clinton Reed for trial and arbitrament and decision, and that the decision of the said arbitrators, or any two of them, should be binding and final upon said parties as to all such matters, and each of them, and that the award of the said arbitrators, or any two of them, should be filed in the office of the clerk of the district court of said county of Jefferson, as the basis of a judgment; and that afterward, to wit : on the 23d day of September, A. D. 1872, the said Clinton Reed and Wilcoxen, in pursuance of said agreement, did hear, try and determine said matter in replevin, and all matters and disputes connected with the same, and did render and make an award therein, which said agreement and all proceedings had and done under the same were made, had and done without the knowledge or consent of the defendant, and this defendant, therefore, avers that on the said 22d day of July, A. D. 1872, by reason of the making of said agreement, the said suit in replevin was discontinued, dismissed and ended, and the said writing obligatory became null, void and of no effect, and ever since has been, and now is, null, void and of no effect. And this the said defendant is ready to verify; wherefore, he prays judgment, etc.

The agreement to submit to arbitrators, after the title of the replevin suits, is as follows, to wit:

Know all men, that the said Perigo Gold Mining and Tunnel company, plaintiff in the above-entitled cause, originally sued out of the district court, within and for the county of Gilpin, in Colorado Territory, and made returnable thereat, and subsequently moved from the said Gilpin county court, to said court for said Jefferson county, on motion of the said plaintiff, and now pending in said last-named court, and the said James Clark and S. B. Hahn, defendants in said action, having agreed and hereby do agree to submit the decision of said action to Gilbert B. Reed, I. N. Wilcoxen and Clinton Reed, Esqrs., and to the majority of them, and to abide the award of them, or of any two of them, that the award when made by all, or by any two of the said arbitrators, may be filed by the successful party with the clerk of said district court, for said county of Jefferson, as the basis of a judgment in said cause, and that execution may be issued for its collection or enforcement, and it is further hereby expressly agreed and stipulated by and between the said plaintiff and the said defendant, that the award of said arbitrators, or a majority of them, that may be made herein, shall be final, and that judgment shall be entered upon, and in accordance with said award in said action, and that such award shall have the same force and effect in all respects as the verdict of a jury would have if obtained herein by regular and strictly correct legal trial of said cause by such jury; and also, that such reward may be made herein by two or all of the said arbitrators, and also the judgment thereon shall be final, and not subject to reversal for any cause or reason whatever, and finally, that if either of said parties neglect to appear before the said arbitrators, after due notice given them of the time and place appointed by said arbitrators for hearing the parties, the arbitrators may proceed in the absence of any such party.

Dated the 22d day of July, A. D. 1872.

And the judgment upon the award of the arbitrators

who tried the replevin suit, wherein the bond sued on in this action was given, was that the defendants in the replevin suit have possession of the property in said plaintiff's declaration mentioned, and that they have a writ of *retorno habendo* therefor, and that the said defendants have and recover of, and from the said plaintiff, their costs and charges in this behalf expended, and that they have fee-bill therefor.

All other material facts are set out in the opinion.

Mr. Hugh Butler, for plaintiffs in error.

Mr. H. M. Teller and Mr. Willard Teller, for defendants in error.

Hallett, C. J. To the sixth and seventh pleas first put in a demurrer was sustained, and plaintiffs in error took leave to amend. Subsequently other pleas were filed, in which a new defense was set up, and defendant in error again demurred. By filing new pleas under leave to amend, the intention to abandon those first put in was evinced, and the judgment of the court, as to them, is not now open to review. *Dickhut* v. *Durrell*, 11 Ill. 72 ; *Dean* v. *Gecman*, 44 id. 287. The first of the additional pleas to which a demurrer was sustained, is based upon section 14 of the act relating to replevin (R. S. 540), which provides that in an action upon a replevin bond, when the merits of the case have not been tried in the action of replevin, the defendants may plead the fact, and their title to the property in controversy in bar of the action. To establish this defense, it was alleged that the matters in controversy in the replevin suit were submitted to arbitration, and thereby the replevin suit was dismissed ; that the arbitrators heard the evidence and made an award upon which the court entered judgment; that the merits of the replevin suit were not tried in that action, and that defendants were the owners of the property, and entitled to the possession of the same. Assuming that the submission to arbitrators was unconditional as stated in the plea,

there can be no doubt as to its effect upon the replevin suit. Thereby the action was discontinued, the parties having resorted to another forum. *Reeve* v. *Mitchell*, 15 Ill. 297; *Camp* v. *Root*, 18 Johns. 22. And the suit being thus brought to an end without a trial, it must be true that the merits of the case were not tried therein. It is said, however, that the plaintiff in replevin, the principal obligor in the bond, by entering into the arbitration voluntarily dismissed his suit, and, therefore, he is denied this defense by the express language of the last clause of section 14, *supra*. But the difference between the discontinuance which results from submitting a cause to arbitration, and the dismissal mentioned in the statute, is too plain for argument. The latter is the voluntary act of the plaintiff in replevin, by which he withdraws his case from the court for the purpose of avoiding a trial, and upon which, by the 12th section of the act (R. S. 540), the court must give judgment against him for the return of the property. When the parties agreed to go before another tribunal, it would be absurd to say that the defendant may have, by the judgment of the court, the relief which he has agreed to ask of the arbitrators. By the agreement to submit, the parties declined to accept the judgment of the court, and, therefore, none could be pronounced except as to the matter of costs. The allegation that the arbitrators made an award upon which judgment was entered, is not inconsistent with the statement that the suit was dismissed, although it appears to be quite unnecessary to the defense set up. It is not alleged in the plea that the judgment on the award was entered in the replevin suit; and by statute (R. S. 50), a judgment may be entered by the clerk upon an award of arbitrators, and so the replevin suit may have been discontinued by the submission, and upon an award made, judgment afterward entered as alleged, but not in that action. Objection that the plea contained redundant matter was not made, and I do not see that any other can be maintained. The second additional plea was interposed by Mead, one of the sureties in the replevin bond, setting up a submission to arbitrators in the replevin suit, and an award

made by which the suit was discontinued. Here, as in the first plea, the submission to arbitrators appears to have been absolute and unconditional, which is a material circumstance with reference to its effect upon the suit, as will be explained hereafter. And if the replevin suit was by that means withdrawn from the court by consent of parties, it would be impossible to charge a surety in the replevin bond upon his obligation. The bond was to secure the due prosecution of the replevin suit, and the return of the property when adjudged, all of which was dispensed with by the act and agreement of the defendants in replevin, for whom the bond was taken by the sheriff. By removing the cause into another forum, they made it impossible to go on with it in the district court, and the bond must be taken to refer to the acts and omissions of the principal obligor in the latter tribunal. *Perkins* v. *Rudolph*, 36 Ill. 306 ; *Archer* v. *Hale*, 4 Bing. 464.

Therefore, if the cause was removed from the court by agreement of parties, as it must have been if the submission contained nothing from which it may be inferred that the parties intended otherwise, no action can be maintained against a surety in the bond, the fact being well pleaded. There is a difficulty, however, as to the plea, which is or should be in the form of a special traverse. Confessing that the replevin suit was begun and the bond given as alleged in the declaration, the pleader doubtless intended to deny that the suit was prosecuted to judgment, as was also alleged in the declaration. This was done by setting up the submission to arbitration, and consequent discontinuance, which is not a direct denial of any thing alleged in the declaration, but a statement of matters inconsistent with the truth of what is there alleged. Steph. Pl. 179. Because of this omission, the demurrer was properly sustained, although the plea appears to be otherwise sufficient. Upon other issues the cause was brought to trial before a jury, and the submission to arbitrators, together with their award, was put in evidence. Upon another trial a question may arise upon the submission, which should now be discussed in order to

explain what has been said touching the sufficiency of the pleas and to secure a correct result. Attention has been directed to the fact that in the pleas the submission does not appear to be subject to any condition respecting the further prosecution of the replevin suit, but when produced in evidence, we find that it is entitled in the cause, and that it expressly provides that the award of arbitrators shall have the same force and effect as the verdict of a jury, and that judgment shall be entered thereon in that action. This gives to the case a new aspect and presents a distinction which has been fully recognized in cases of this kind. Although a reference to arbitrators without more will operate to discontinue a suit pending, if a different intention can be gathered from the submission, such result will not be allowed. This point was expressly ruled in *Ex parte Wright*, 6 Cowen, 399, and is fully illustrated in *Green* v. *Patchen*, 13 Wend. 293. The practice of referring matters in litigation to arbitrators is not unknown to the courts, and many cases may be found in which the manner of proceeding is discussed. It seems that a rule of court or judge's order directing the submission was required, and that the plaintiff usually took a verdict for his security, particularly when bail was given in the case. Tidd's Pr. 819. If the plaintiff did not take a verdict the bail was discharged, but this was upon technical grounds, which cannot be recognized at the present day. Tidd's Pr. 838, 1097. The essential feature of the practice for present consideration is that, by entering into the submission with a stipulation for judgment upon the award, the party against whom the award is made is held to have confessed the judgment, entered according to his agreement. *Yates* v. *Russell*, 17 Johns. 461 ; *Hills* v. *Passage*, 21 Wis. 298 ; *Merritt* v. *Thompson*, 27 N. Y. 232. In *Cunningham* v. *Craig*, 53 Ill. 252, this distinction was not mentioned, and probably it escaped the attention of the court.

As, therefore, it cannot be doubted that a plaintiff in replevin may, by confessing judgment in favor of the defendant, bind himself and his sureties to the performance of the

judgment, no reason is perceived for discharging the sureties when the judgment is obtained according to the terms of a submission to arbitrators.    In another view which appears to be advanced in *Perkins* v. *Rudolph*, 36 Ill. 306, and *Archer* v. *Hale*, 4 Bing. 464, it may be contended that by submitting the replevin suit to arbitrators the defendants therein gave time to the principal obligor in the bond, and thereby discharged the sureties.    It is, however, settled that a reference to arbitrators will not operate to stay proceedings (Tidd's Pr. 822), and therefore the principal obligor in the bond was at liberty to proceed in the replevin suit notwithstanding the submission.    If he had moved the cause for trial pending the proceeding before arbitrators, that of itself would have been a revocation of the submission and he was not disabled from prosecuting the suit according to the conditions of the bond.    Upon the trial in the court below, plaintiffs in error offered to prove that Clark & Hahn, for whose use the suit was brought, were mortgagees of the property replevined, and that the amount due them upon the mortgage was less than the value of the property, which evidence was rejected.    Whether the Perigo Company was the general owner of the property does not appear, but probably the evidence would have shown whether it was such owner or not.    As between mortgagor and mortgagee, the rule of damages in cases of this kind is that the latter can recover only the amount due on his mortgage if the value of the property exceeds that sum.    Sedgw. on the Meas. of Dam. 580 ; *Warner* v. *Matthews*, 18 Ill. 83.    It is conceded that the rule is different where the defendant is a wrong-doer, and has no interest in the property, but the evidence should have been received for the purpose of showing the relations of the parties to the property.    It is understood that the same facts are presented in another cause between the same parties pending in this court, and the judgment in both must be reversed for error appearing of record.    The causes will be remanded for further proceedings according to the views here expressed.

*Reversed.*