## ANDREW J. WRIGHT *et al.*

### *v.*

## JOHN SMITH.

1. PRACTICE—*when the specific objection to evidence should be made.* Where the proper foundation is laid for secondary evidence as to the execution and contents of a chattel mortgage, and everything necessary to establish the existence of a valid mortgage is proved, except that the justice before whom it was acknowledged was a justice of the district where the mortgagor resided, it is error for the court to exclude all the evidence in relation to the chattel mortgage, without that particular objection being raised by the opposite party, or intimated by the court at the time the motion to exclude is made.

2. PRACTICE IN SUPREME COURT—*specific objection to testimony—requisites of bill of exceptions.* Where a defendant in replevin relied upon a chattel mortgage, and the court below, on motion of the plaintiff, excluded all the testimony relating to the mortgage, upon which the defendant assigned error, it was held that an objection to the mortgage of such character as ought to have been specifically made in the court below, would not be considered in the Supreme Court unless the bill of exceptions showed that the objection had been specifically made.·

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. I. D. ADAIR, for the plaintiffs in error.

Mr. JAMES ENNIS, for the defendant in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin, wherein the plaintiff claimed the property replevied as a purchaser from one Samuel Cully, and the defendants claimed the same by virtue of a chattel mortgage thereof to them given by Cully prior to his sale to the plaintiff.

On the trial, secondary evidence was given of the mortgage and its contents, it having been admitted that the recorder's office of Cook county, in which the mortgage had been left to

528          WRIGHT *et al. v.* SMITH.          [Sept. T.

Opinion of the Court.

be recorded, and all the records of Cook county, had been destroyed. by the fire of October 9, 1871. Upon the conclusion of the whole testimony, the court below, on motion of the plaintiff's counsel, excluded all the testimony relating to the chattel mortgage. This ruling is assigned as error.

The evidence seems to have been sufficient as to the execution of the mortgage, its acknowledgment before a justice of the peace, its contents, and the depositing it in the recorder's office for record, and its not having been taken therefrom. The only defect of proof apparent to us is, the want of evidence that the mortgage was acknowledged before a justice of the peace of the justice's district in which the mortgagor resided, as is required by the statute. The record fails to show that any objection was taken in the court below to the mortgage on that ground, and the court, upon its ruling, stated no reason whatever for its exclusion of the testimony. Had the objection been in any way raised in the court below, either by the opposite party or intimation of the court, that there was a want of proof that the mortgage was acknowledged before the proper justice of the peace, the defect might have been readily supplied by further evidence. As the record fails to show that this objection was made in the court below, we think it is not now, for the first time, entitled to consideration in this court; that this is in conformity with previous rulings of this court in analogous cases. It has been held by this court that a party can not avail himself, here, of an objection to the receipt of a written instrument in evidence without proof of its execution, unless that specific objection to the introduction of the instrument in evidence had been taken in the court below, so as to have afforded the opposite party an opportunity to obviate the objection. In the case of *Funk* v. *Staats*, 24 Ill. 644, in answer to an objection that the evidence failed to show that the justice of the peace before whom the acknowledgment of a chattel mortgage was taken had made entry of the fact, or made any memorandum of the property embraced in the mortgage on his docket, the court said: "The record fails to show that any objection was made to reading the mort-

gage in evidence on that ground. Other objections were urged at the time, and the party can not now be heard, for the first time, to raise that question. To entitle it to consideration in this court, the question should have been raised on the trial below, and thus have afforded the opposite party an opportunity to obviate the objection."

As the bill of exceptions only recites, generally, that, on motion of plaintiff's counsel, all the testimony relating to the chattel mortgage was excluded, we take it to have been what it appears to be—a general motion for the exclusion of the testimony, and not one to exclude it for the specific objection that it was not acknowledged before the right justice of the peace; and that it was error to exclude the testimony, upon a general motion to do so, without making such specific objection.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

SCOTT, SCHOLFIELD and DICKEY, JJ., dissenting:

We are unable to yield our assent to the conclusion of the majority of the court. Had the court below overruled the motion to exclude the evidence in relation to the chattel mortgage, and defendant in error assigned that ruling for error, we concede that it would have been incumbent on him to have shown, by his bill of exceptions, that he predicated his motion upon the ground that the evidence failed to show the chattel mortgage · was acknowledged in the proper district, upon the principle that the presumption is the court decided correctly, until the contrary is affirmatively made to appear, and it is the duty of the party excepting to show, by his bill of exceptions, wherein the court erred. *Reeve* v. *Mitchell*, 15 Ill. 297; *Gardner et al.* v. *Russell et al.* 78 id. 292; *Indianapolis and St. Louis Railroad Co.* v. *Miller*, 62 id. 468; *Bulger et al.* v. *Hoffman*, 45 id. 352; *McKee* v. *Ingalls*, 4 Scam. 30. But it is the plaintiffs in error who complain of the ruling of the court in sustaining the motion, and not defendant in error, that it has been overruled, and the burden is, therefore, cast upon him to overcome the pre-

sumption that the court decided correctly, and to show, by his bill of exceptions, wherein the court erred; and in an early case the rule laid down was: "The bill of exceptions is not to be considered as a writing of the judge, but it is to be esteemed as a pleading of the party alleging the exception; and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it." *Rogers* v. *Hall*, 3 Scam. 5.

Since a statement of the reasons for or against a motion is, necessarily, distinct and independent from a mere statement that a motion was made, it follows that the present bill of exceptions contains nothing inconsistent with the idea that the ground of the motion was distinctly stated to have been because the evidence failed to show that the mortgage was acknowledged in the proper district. The record simply shows that, "on motion of plaintiff's counsel, all the testimony relating to the chattel mortgage was excluded." Whether any reason was assigned therefor or not, does not appear. The majority of the court hold that the silence of the bill of exceptions in this respect requires us to assume that the reasons for the motion were not disclosed. We insist, on the authority of the cases above referred to, this silence of the bill of exceptions is to be taken most strongly against the party preparing it, and that in no previous case to which our attention has been called has this court ever presumed error, where none was affirmatively disclosed by the bill of exceptions, upon which to give a judgment of reversal.