JOHN H. BURCH

*v.*

WILLIAM L. COHEN.

*Opinion filed October 23, 1906.*

1. TRIAL—*stipulation fairly made is binding.* A stipulation, in ejectment, by which the parties agree to submit the question of the disputed boundary line to three competent surveyors, whose finding shall be entered as the judgment of the court, is binding upon the parties, where no attempt is made to show that the surveyors were incompetent or acted fraudulently.

2. SAME—*when rules governing arbitration apply.* Where the parties to an ejectment suit agree to submit the question of the disputed boundary line to competent surveyors, whose finding shall be entered as the judgment of the court, the rules governing arbitration will largely, if not entirely, control the decision.

APPEAL from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding.

A. G. GORDON, and JOHN B. NOEL, for appellant.

WILLIAM M. SCHUWERK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee brought suit in ejectment against appellant and others as to certain lands in Randolph county. When the issues were made up, a jury was waived and the cause was submitted to the court. At the March term, 1905, on a hearing, the circuit court entered judgment in favor of the plaintiff. On motion for new trial the judgment was set aside on condition of payment of costs by defendants within a year. At the September term, in 1905, the parties stipulated, in writing, that the location of a disputed boundary line which would decide the ownership of the land in question should be settled by three competent surveyors, one to be selected by each of the parties and the third to be selected by the two so chosen; that these sur-

veyors should make a survey of the land in controversy; that "the said surveyors shall find the government corner on what is known as the 'Bluff line,' and in finding the same shall go as far up as the north-east corner of survey 361, or as much further as may be necessary for the purpose of finding a true government corner on the said line, and when so found shall run the said line according to the government field notes, * * * and when they have so located the said line they shall cause the same to be properly marked and shall make a plat thereof in the same manner as required by law, and report the same to this court, and the said court, at the March term, 1906, shall enter the judgment in the above entitled cause according to said location." The three surveyors having been chosen located the line. They made a report, signed by all three jointly, including therein a plat. Exceptions were filed to this report and plat by the defendants, and at the March term, 1906, a hearing was had at which time defendants attempted to show by the evidence of one of the surveyors, and other testimony, that the line was not run in accordance with the stipulation. The court, after the hearing, entered an order in accordance with the stipulation, adopting the line shown in said report and plat and finding that the plaintiff was the owner of the disputed premises and entitled to possession.

We do not care to discuss the point made by appellee that exceptions were not properly taken to the entry of the judgment herein, but prefer to decide the case on its merits. The parties entered into a stipulation that the line should be run by three competent surveyors, and that on their reporting to the court judgment should be entered in accordance with the survey. We have read the entire record and examined carefully the two plats introduced in evidence. No attempt has been made by appellant to show that either of the surveyors was incompetent, or that they, or either of them, acted fraudulently. The only point claimed is that they did not proceed in accordance with the stipulation. It

223—22

is true, one of the surveyors testified on the hearing before the court in a manner that indicated that he was not entirely satisfied as to all points located by the survey made by himself and his two associates, but there is nothing in his testimony to indicate that he did not believe that the final conclusion reached by the three was correct.

Appellee insists that these surveyors acted as arbitrators, and that an arbitrator is not a competent witness to overthrow his own award. (*Stone* v. *Atwood,* 28 Ill. 30; *Claycomb* v. *Butler,* 36 id. 100.) Appellant argues that this is not an arbitration, and that therefore the rules governing awards made by arbitrators cannot apply. Without doubt there can be a specific stipulation, after suit is begun, to submit the question pending between the parties to arbitration. If this is done, the rules governing arbitration will in a large measure, if not entirely, control the decision. (*VanWinkle* v. *Beck,* 2 Scam. 488; *Frink* v. *Ryan,* 3 id. 322; *Rogers* v. *Holden,* 13 Ill. 293; *Shirk* v. *Trainer,* 20 id. 302.) In *Cunningham* v. *Craig,* 53 Ill. 252, after the issues were made up and the matter referred to a master to state an account, the parties agreed to submit the entire matter in difference to three persons as arbitrators and that the court should enter a decree according to this award. In that case the arbitrators made the award and the court entered an order in accordance with such finding; on appeal this court sustained the decree of the trial court. In principle the points at issue in that case were the same as those here involved. The parties here, by their own act, submitted the disputed boundary line to a survey to be made by three surveyors. We find nothing to indicate that the survey so made is not accurate. Be that as it may, they stipulated that the finding of the surveyors should be entered as the judgment of the court. In all fairness that stipulation is binding upon the parties, and the trial court rightly entered judgment according to the stipulation.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*