CARL O. SCHLANBUSCH, APPELLEE, v. FRED A. SCHLAN-
BUSCH ET AL., APPELLANTS.

FILED MAY 4, 1918.   No. 19966.

1. **Arbitration and Award.** When an arbitration is had by agreement of the parties pursuant to statute, the courts will not proceed further in a cause involving the same matters pending before such arbitration, but will dismiss such cause and act upon the arbitration.

2. ———: APPEAL: DISMISSAL. If such arbitration is had after appeal to this court in the cause so pending, this court, upon proper proof of such arbitration, will dismiss the cause so appealed.

3. ———: STAY OF PROCEEDINGS. If a pending cause is submitted to arbitration upon order of the court under section 8222, Rev. St. 1913, the court will stay proceedings until such arbitration can be completed, and will then dispose of the cause and the accrued costs therein.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Reversed, and dismissed.*

*J. S. Armstrong* and *F. D. Williams,* for appellants.

*A. E. Garten* and *H. C. Vail,* contra.

SEDGWICK, J.

While this action was pending in this court on appeal from the district court for Boone county, the parties, who are brothers, entered into a stipulation: "For the purpose of settling the differences which have existed between the parties above named for a number of years, each hereby agrees to submit the same to arbitrators." The stipulation then recites the matters involved in this lawsuit as the subject of settlement by arbitration.

Afterwards the plaintiff, who was appellee, filed in this court a motion to dismiss the appeal, and with the motion filed a duly certified copy of the proceedings in arbitration, from which it appears that the arbitrators duly met and made their award and filed the same in the district court for Boone county pursuant to the statute. This court then entered an order to show cause within 20 days why the action itself should not be dismissed, and the parties made their showing therein, and, after hearing, the matter was duly submitted for a decision.

Section 8216-8235, Rev. St. 1913, provide for the submission of controversies to arbitration, and provides the practice thereon. The stipulation for arbitration provided that the district court for Boone county "shall render judgment upon the award," as provided in section 8219, and also provided that "all actions pending between the parties shall be settled by this award." Our statute also provides: "A submission to arbitrators of the subject-matter of a suit may also be made by an order of court, upon an agreement of parties, after suit is commenced." Rev. St. 1913, sec. 8222. The law favors settlement of controversies by the parties interested, and, when such settlement is made or agreed upon by the parties, the courts will not proceed further with litigation between the parties that was pending at the time that such settlement was entered into. *Reeve v. Mitchell*, 15 Ill. 297; *Cunningham v. Craig*, 53 Ill. 252. These cases were decided under statutes apparently similiar to ours. The statute provides the practice in the court to which the arbitration is returned, and that practice and the jurisdiction of the district court therein are not affected by this decision. The parties cannot longer litigate in this case, after they have agreed upon the matters involved.

The judgment of the district court is therefore reversed, and the cause dismissed. Each party will pay one-half of the costs incurred in this action.

REVERSED AND DISMISSED.