## Henry L. Steinbach v. Thomas Hill and another.

*Sale of real estate: Deceit: Fraud: Bill to rescind.* When a party is deceived into a purchase of land by the acts and representations of the vendor, however innocently done or made, and the deception regarded the essentials of the contract and worked serious injury, a bill to rescind will be maintained.

*Insignificant damages: Bill to rescind: Equity jurisdiction: Compensation.* Where, in such a case, the land falls short only a few inches in width, to the vendee's damage of only twenty-five dollars, and the enjoyment of the remainder is not affected by this deficiency, the loss is too insignificant to be the foundation of a bill to rescind; and the amount of the damage being below one hundred dollars, the statutory sum requisite to equity jurisdiction, the suit will not be retained for the purpose of making compensation.

*Heard April 13.     Decided April 30.*

Appeal in Chancery from Wayne Circuit.

The bill in this case was filed by Henry L. Steinbach against Thomas Hill and Delphia S. Hill, for the purpose of rescinding a land contract on the ground of fraud. A decree was made in favor of complainant, and the defendants appealed.

*Herbert L. Baker*, for complainant.

*Dickinson & Dickinson*, for defendants.

COOLEY, J.

The bill in this case was filed by the purchaser of a city lot in Detroit to have the contract of purchase rescinded on the ground of fraud.    The alleged fraud consisted in representing the lot as embracing all that was enclosed by the fences surrounding it, when in truth it fell short on one side some seventeen or eighteen inches, and the rear part of the house extended a few inches over the line.    The sale had been carried into effect by a conveyance, and the complainant had been put in possession before the bill was filed.

It is a disputed question where the line of the lot on one side is; there being in fact a surplus of a little over a foot, which belongs either to this lot or to an adjoining tract, and might be contested by the respective proprietors; but we think the clear preponderance of evidence on this record is, that it belongs to this lot.    If this is so—as we must hold in this case—the house is entirely upon this lot, and the fence is only four and a half inches off the line.

We are not satisfied from the evidence that there has been any intention to commit a fraud in this case.    Nevertheless if complainant had been ¸deceived into a purchase by the acts or representations of defendants, however innocently done or made, and if the deception regarded the essentials of the contract, and worked a serious injury to the complainant, we might feel ourselves justified in affirming the decree, which set aside the sale.    But it is not claimed that there was any special or peculiar value in the strip of four and a half inches which will be lost, and its value, estimating it in proportion to the price paid for the whole lot, would only be twenty-five dollars or thereabouts.

A damage to this extent, when the enjoyment of the remainder would not be affected by the loss, is too insignificant to be the foundation of a suit to rescind.    It

might be proper that compensation should be made, but we should not retain this suit for the purpose, when the amount involved clearly appears to be less than the sum which the statute names as requisite to give the court jurisdiction.    Had the evidence sustained the complainants view ,of the case, and shown the house to extend over the line, the damage would have been much more serious; but taking the view we do of the proofs, we have no alternative, but to reverse the decree and order the bill dismissed, with costs of both courts, but without prejudice to any remedy at law.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.