## John L. Starkweather v. John L. Benjamin.

*Fraud: Sale of lands: Misrepresentations of quantity: Positive assurances: Measurement: Deceit.* It is no defense to an action for fraud in misrepresenting the quantity of land in a parcel the defendant was then selling the plaintiff by the acre, that the latter saw the land and was as able to judge of its size as the defendant; a positive assurance of the area of a parcel of land, made under such circumstances, is very material, and is equivalent to an assurance of measurement; and if it be false, and the vendee is deceived by it, he has a clear right of action for the fraud.

*Fraud: Equal means of judging: Sale of lands: Quantity: Deceit: Dissuading from inquiry.* The doctrine that where both parties have equal means of judging there is no fraud, is not applicable to such a case; for it will not be presumed that people generally can judge with accuracy by the eye of the contents of a parcel of land; but the maxim that one who dissuades another from inquiry and deceives him to his prejudice is responsible, is in point.

*Sales of lands: Misrepresentations of quantity: Fraud: Rumors: Street talk: Evidence.* Common rumors concerning the quantity of the land would not be pertinent evidence for the defense in such an action; street talk about the size of a farm can have no force to rebut the conclusions of

32 MICH.—39.

STARKWEATHER *v.* BENJAMIN.

fraud arising out of positive untruths; and even if such rumors had been multiplied and brought home to the purchaser, he would be justified in believing the statements of the vendee to have been based on better knowledge.

*Fraud: Defense: Evidence.* The fact that one acting in the sale of lands for himself and his co-tenants was instructed by the latter not to sell by the acre, could not affect the purchaser who bought in that way; and if the sale was a valid one, the party making it cannot avoid his liability to the purchaser for fraud in misrepresenting the quantity of the land, by showing another and additional act of wrong-doing to his co-tenants.

*Submitted on briefs and decided June 18.*

Error to Macomb Circuit.

*Hubbard & Crocker* and *C. A. Kent,* for plaintiff in error.

*J. B. Eldredge* and *A. B. Maynard,* for defendant in error.

CAMPBELL, J:

This action was brought to recover damages arising from alleged misrepresentations made by Starkweather to Benjamin, concerning the quantity of land in a parcel purchased from Starkweather and others for whom he acted, and which was bought by the acre.

The defense rested mainly on the ground that the purchaser saw the land, and was as able to judge of its size as Starkweather.

We do not think the doctrine, that where both parties have equal means of judging there is no fraud, applies to such a case. The maxim is equally valid, that one who dissuades another from inquiry and deceives him to his prejudice is responsible. It cannot be generally true that persons can judge of the contents of a parcel of land by the eye. When any approach to accuracy is needed, there must be measurement. When a positive assurance of the area of a parcel of land is made by the vendor to the vendee, with the design of making the vendee believe it, that assurance is very material, and equivalent to an assurance of measurement. In this case the testimony goes very far, and shows that the assertions and representations, which the jury must have found to be true, were of such a nature

that if believed, as they were, a re-survey must have been an idle ceremony. They were calculated to deceive, and, as the jury have found, they did deceive Benjamin, and he had a clear right of action for the fraud.

It is alleged as error also, that the court should not have ruled out the common rumors concerning the size of the land, nor the instructions claimed by Starkweather to have been given him by the other owners, to sell the land as a parcel, and not by the acre.

It would be absurd to allow street talk about the size of a farm to rebut the conclusions of fraud arising out of positive untruths. It is certainly not presumable that others will know better than the parties interested; and even if such rumors had been multiplied and brought home to Benjamin, he would be justified in believing Starkweather's statements based on better knowledge.

If Starkweather was instructed by the other heirs not to sell by the acre, that fact would not affect the purchaser who bought in that way. If the sale was valid at all, Starkweather could not get rid of liability for fraud, by showing another and additional act of wrong doing. It could not undo the effect of the falsehood.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.