45  481
69  399

45  481
144  368

45  481
154  26

## EDWARD BAUGHMAN v. ELIJAH G. GOULD.

*Sale—Misrepresentation of quantity—Recoupment.*

The right of a purchaser of land, in an action against him for the purchase price, to recoup the excess in price due to the vendor's misrepresentation of the extent of the property, is the same whether the misrepresentation be willful or innocent.

Where the vendor of land, by misrepresenting its extent induces the purchaser to incur a liability for land which the vendor is unable to convey, the effect of the transaction, in the contemplation of the law, is a fraud upon the purchaser, even though both parties acted in good faith.

A purchaser's right on being sued by the vendor, to recoup damages for the latter's misrepresentation in a sale including both real and personal property, is not affected by the fact that the misrepresentation

45 MICH.—31.

referred to only one class of property, if the transaction was an entirety, and the consideration was not apportioned.

Error to VanBuren.   Submitted Jan. 20.   Decided Jan. 28.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Richards & Mills* for plaintiff in error.

*E. R. Annable* for defendant in error.

GRAVES, J.   Gould sold Baughman certain merchandise together with a small parcel of land for $1000.   The lot was surrounded by a fence and there was a dwelling-house, a well and considerable ornamental shrubbery.  It was represented by Gould that the lot included all the territory enclosed, and this representation was made by him and received by Baughman in perfect good faith.   Both supposed it to be true, and Baughman in assenting to the purchase and in agreeing to terms relied upon it.   The purchase of the goods and of the real estate was an entire transaction, although the price of $650 was assigned to the latter.   When the parties adjusted the general consideration there was a balance of $157.40 still to be provided for, and Baughman gave his note for it.   It was subsequently ascertained that the representation made by Gould was incorrect and that part of the land within the enclosure belonged to another; that a small portion of the house was beyond the line and that the well and part of the shrubbery were wholly so.

Under these circumstances Gould brought this action upon the note, and Baughman claimed to recover damages for the misrepresentation made relative to the premises.  · But under the judge's rulings the jury found in Gould's favor and refused to allow anything on account of the misrepresentation.

Two points arise upon the charge : *First,* the circuit judge instructed the jury that there could be no recoupment unless Gould knew his representation was false or, at least, had means of knowledge that it was so superior to any possessed

by Baughman; *second*, that in case the note was given in part payment for goods and land together it would not be competent to allow damages for the misrepresentation concerning the land.

We are not able to assent to either of these propositions. For the purpose of recoupment it is quite immaterial whether, as a question of morals, Gould was or was not at fault. The right to recoup was not dependent on it. There being in fact a misrepresentation, though made innocently, its deceptive influence was as effective, and the consequences to Baughman as serious in respect to actual damage as though it had proceeded from a vicious purpose. The result was a fraud on Baughman, in contemplation of law, and it entitled him to contend in Gould's action for the purchase money that the damage should be thrown on the latter. *Converse v. Blumrich* 14 Mich. 108; *Steinbach v. Hill* 25 Mich. 78; *Webster v. Bailey* 31 Mich. 36; *Starkweather v. Benjamin* 32 Mich. 305.

The circumstance that the misrepresentation was confined to the real estate whilst the consideration of the note included some part of the purchase price of both merchandise and realty is of no importance. There was but one trade and the consideration from Baughman was not apportioned. The object of the suit is to enforce performance of Baughman's share of the trade, and the claim of recoupment is founded on actionable conduct on the part of Gould in his share of it. The case seems to be within well-settled rules, and there is no occasion to cite authorities.

Judgment should be reversed with costs and a new trial granted.

The other Justices concurred.