DlCKMAN, J.
It was not contended in the court below by Wesley Pierce, the mortgagor, that there had been any breach of the covenants of warranty or for quiet enjoyment contained in the deed from Mary Tiersch, the mortgagee and vendor; and the question did not arise, whether there had been an ouster or eviction, actual or constructive, by paramount title. The mortgagor laid no claim to damages, or to relief against the security which he had given for the purchase money, on account of any breach of any of the covenants of title. He was in the full possession and occupation of '“In lot No. 44,” to the extent of that description, and as designated on the plat of the village of North Washington.
But the mortgagor complained, that with no means of knowledge save the representations of the mortgagee and outside appearances, he was deceived and defrauded as to the size and boundaries of the lot described, through the fraudulent representations and concealments of the mortgagee, as to material facts; and that he was by the *172 mortgagee led to believe, that the strip of land six feet in width on the west of the lot and embraced within the fence, was part and parcel of the premises conveyed, whereas in fact it was part of Main street. If it be true that fraud was practised by the mortgagee in her sale of the premises to the mortgagor, he was entitled to the benefit of a counter-claim for damages sustained. (Allen v. Shackelton, 15 Ohio St., 145.) And furthermore, in an action against the mortgagor for the purchase money, his right to set up a counter-claim for any excess in price through the vendor’s misrepresentations of the extent of the property, would be the same, whether such misrepresentations were willful or innocent. Baughman v. Gould, 45 Mich., 481. The question arises however, what was the measure of damages of the mortgagor, under his counterclaim ? The court below charged the jury, that if they should find there was a strip of ground six feet wide, extending along the west side of said lot and inclosed therewith, which did not belong to the lot but to the public street, and the plaintiff knew that fact, but fraudulently concealed the same from the defendant; yet, if they should further find that the defendant was still in the undisturbed possession and occupation of said strip, he was not entitled to recover of the plaintiff on account of such concealment, any thing more than nominal damages. We are of opinion that the court erred in this instruction. The mortgagor’s right to recover other than nominal damages, did not depend upon whether he had been disturbed in the possession of the strip of ground, at the time of setting up his counter-claim. If there had been fraudulent representations and concealments on the part of the vendor, by -which the mortgagor was defrauded as to the territorial extent of the premises, a right of action for the fraud accrued to him on discovery of the same. The vendor in such case was not in a situation to ask, that the vendee and mortgagor should wait until perhaps his right of action would be lost by lapse of time. Such vendor should not be more favorably regarded than a grantor with covenant of seisin — a covenant which *173 is deemed to be broken instantly, if at the time of executing the deed, the grantor or some person claiming under him, was not in actual possession of the premises, claiming title.
The mortgagor should not have been restricted to nominal damages, if fraud was practised upon him, as alleged, in the sale of the premises. The measure of his damages was the difference, at the time of purchase, between the value of the lot with its apparent bounds on the west, — inclosing the strip of ground belonging to the public street and liable to be taken.for public use — and the value of the same lot, had said apparent bounds been its true west line, and said strip of ground part and parcel of the lot.
The judgment of the district court and of the court of common pleas must be reversed, and the cause remanded to the common pleas for a new trial.

Judgment accordingly.