## PURCHASER OF A BULL AFFECTED WITH TUBERCULOSIS PERMITTED TO RECOUP HIS DAMAGES.

Court of Appeals for Mahoning County.

A. M. CARR ET AL V. JOHN S. MILLER.

Decided, March 10, 1914.

*Sales—Representation as to Value—Seller Bound Although Representations May Have Been Innocently Made—Owner of Property in this Case Bound by Representations of Auctioneer.*

When the seller has made representations which were untrue, materially affecting the value of the property sold, for the purpose of inducing the sale, and the purchaser relying thereon made the purchase; in an action to recover the purchase price of the property sold, the purchaser can recoup the damages that he has sustained by reason of such representations, and it is immaterial that they were innocently made.

*Hine, Kennedy & Manchester*, for plaintiffs in error.
*M. C. McNab*, contra.

POLLOCK, J.; METCALFE, J., and NORRIS, J., concur.

The defendant in error, J. S. Miller, brought an action in the court of common pleas of this county against the plaintiffs in error to recover on a promissory note in the sum of $210.

The defendants below answered alleging that $170 of the consideration for this note was the purchase price of a bull, which defendants below had purchased from plaintiff below. They allege that they were induced to purchase this animal by the fraudulent representations of plaintiff below, and further that the plaintiff below through his agent, S. B. Parshall, warranted this animal to be sound and all right. They further allege that the representations made by plaintiff below were not true; that at the time of the sale of said animal it then had tuberculosis, which was discovered shortly after the purchase, and that defendants below were required to slaughter said animal; that plaintiff below was notified of its condition the animal tendered back and a demand made that said note be surrendered, which was refused.

The defendants below ask damages in the amount of the purchase price named in this note, and also damages for the care and keep of this animal in the sum of $20.

To this answer the plaintiff below replied, admitting that the amount of the consideration in this note claimed was for the purchase price of this animal, and that afterwards the animal was slaughtered by the defendants below, and deny the other allegations of the answer, and also deny any wrongdoing or any liability on the part of the plaintiff below.

The case went to trial on the issues raised between the answer and the reply, resulting in a verdict in favor of plaintiff below. This action is prosecuted to reverse that judgment for errors which it is claimed occurred on the trial of the case.

It appears from the testimony that Miller was the owner of a herd of Jersey cattle; that on November 9, 1911, he offered these cattle for sale at public auction, and that defendants below purchased at this sale the bull mentioned in the pleadings, paying therefor the sum of $170, and also purchasing another animal; and the note sued on was given for the purchase price of these two animals.

On the 30th and 31st days of October, prior to this sale, Miller, the plaintiff below, caused this herd of cattle to be tested for tuberculosis by S. B. Parshall, a veterinary surgeon. This was done by Miller to induce prospective purchasers to pay a better price for the cattle; he knowing that cattle of this kind will not readily sell unless such a test has been made and the cattle found free from this disease, or the purchaser is given the right after purchase to make the test.

On the morning of the sale, and just before it was opened, Mr. Parshall, under the direction of Mr. Miller, made the announcement that all the cattle had been tested for tuberculosis; that they showed no reaction, and he exhibited the testing sheet, announcing that any one could examine it who wished, and handed it to Mr. Dempsey, the auctioneer.

It is unnecessary to explain what this testing consisted of, or what it meant by "reaction," further than to say that persons engaged in the cattle business would understand that if the test

showed no reaction the animal was free from tuberculosis, but that if it showed reaction it was afflicted with that disease.

This test which Mr. Parshall had made for tuberculosis is regarded by the authorities on that subject as the most accurate test for determining whether cattle are afflicted with tuberculosis, which is known to persons engaged in the cattle business.

Mr. Miller, the seller, and Carr and Campbell, the purchasers, were experienced cattle men and understood that the announcement that the cattle showed no reaction meant that they were free from tuberculosis. Defendants below testified that they would not have purchased this animal except for the representations made by Mr. Parshall, and that relying on these representations they believed the animal to be free from the disease of tuberculosis.

Some time after the sale this animal was removed to the barn of the defendants below, and on January 19, 1912, was again tested by Dr. Frederick, a state official, for tuberculosis, and found to be very badly afflicted with that disease. Defendants below were ordered to quarantine the animal, which they did, and they also notified Mr. Miller of the condition, offering to return the animal. This was declined by Mr. Miller, and some time in March the animal was slaughtered by Dr. Frederick.

The first error complained of is the court's refusing to permit the defendants to amend their answer by making the warranty extend to an announcement made by the auctioneer.

After the introduction of the plaintiff's testimony the defendants called Judge J. B. Kennedy and asked the following question:

"Following the statement made by Mr. Parshall, what, if any, statement was made by Mr. Dempsey as to the test of these cattle for tuberculosis?"

This question was objected to and the objection sustained by the court, and then the defendants below asked leave to amend the answer by interlineation, by inserting the name of Mr. Dempsey, the auctioneer, in addition to Mr. Parshall, as the agent of plaintiff in warranting the cattle; this was refused by the court and excepted to by the defendants. The record shows that the defendants expected the witness to answer as follows:

"Now, gentlemen, I am going to sell you these cattle. These cattle have been tuberculin-tested by Mr. Parshall, and when you buy them you get a clean bill of health."

We are unable to see why this question was not competent under the allegations of the answer. It would have proven further representations made by the plaintiff below in order to induce purchasers to bid upon these cattle, and should have been admitted without any amendment to the petition, but the defendants below did not except to this ruling; they only asked leave to amend the answer and excepted to the refusal to permit the amendment. This is discretionary with the court, and we do not think the court violated his discretion in refusing to permit the amendment.

The next error complained of is that the court erred in charging in plaintiff's sixth and seventh requests before argument, that in order to constitute fraud, which would be a defense in this case, the defendants must show that the seller knew the representations to be untrue, or had no reasonable grounds for believing them to be true and in repeating the same principle in charge after argument.

The rule given by the court in these two requests, and in the charge, is the rule applicable in an action to recover damages caused by misrepresentations. *Taylor* v. *Leith*, 26 Ohio St., 428; *Gartner* v. *Corwine*, 57 Ohio St., 246.

In this case the plaintiff is seeking to recover the consideration for property sold to the defendants, which as the defendants claim, they were induced to purchase on account of the false representations of the plaintiff, and the defendants are only seeking by recoupment to recover in damages the loss which they sustained by reason of this sale made to them.

"When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles can not be applied. It is then only necessary to prove that the representation was material and substantial, affecting the identity, value or character of the subject matter of the contract, that it was false, that the other party had a right to rely upon it, and that he was induced by it to make the contract, in order

to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it." *Mulvey* v. *King*, 39 Ohio St., 494.

This principle was again affirmed by our Supreme Court in the case of *Irwin* v. *Wilson*, 45 Ohio St., 436.

In the case of *Pierce* v. *Tiersch*, 40 Ohio St., 172, the Supreme Court in the opinion say:

"In an action against the mortgagor for the purchase money, his right to set up a counter-claim for any excess in price through the vendor's misrepresentations of the extent of the property, would be the same, whether such representations were wilful or innocent."

Miller, the owner of these cattle, caused this tuberculosis test to be made, and the announcement that it was made and that there was no reaction, for the purpose of securing better prices for his cattle at this sale, and the defendants made the purchase because of and relying upon these representations. Both plaintiff and the defendants believed that if these was no reaction in making this test, the cattle were free from this disease.

"Where the seller makes material statements which are untrue, and the purchaser relies thereon in making the purchase, such representations are fraudulent, and it is immaterial that the seller believed them to be true." *Kirkpatrick* v. *Reeves et al*, 22 N. E., 139.

To the same effect is the case of *Crowe* v. *Lewin*, 95 N. Y., 423.

The Supreme Court of Michigan, in the case of *Buchanan* v. *Gould*, 45 Mich., 481 (8 N. W., 73), in the opinion on page 74 say:

"For the purpose of recoupment it is quite immaterial whether as a question of morals Gould was or was not at fault. The right to recoup was not dependent on it. There being in fact a misrepresentation, though made innocently, its deceptive influence was as effective and the consequences to Baughman as serious in respect to actual damage as though it had proceeded from a vicious purpose."

The plaintiff below did not intend any fraud in making the statement of which complaint is made; but by that statement the

defendants below were induced to purchase this bull and lost the consideration they agreed to pay for it. The plaintiff below is now seeking to recover the consideration for this contract into which defendants below were induced to enter by the representations of plaintiff below.

If this animal was afflicted by this disease at the time of the sale these parties all believed that this test would have disclosed it, if no mistake had been made in making the test.

"An error of fact takes place, either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist." *Mowatt* v. *Wright,* 1 Wendell, 360.

To permit the plaintiff to recover the purchase money for this animal when the sale was induced by his representation, if it was suffering from this disease at the time, would be permitting the plaintiff to profit by his own mistake. When a loss of the value of property must be suffered, a party should not be permitted to escape that loss by recovering the consideration for a sale of the property induced to be made by his representation, which proved to be untrue, even if innocently made.

For error in giving the two requests complained of, and this error in the charge, the judgment of the court below is reversed and remanded for further proceedings according to law. Defendant in error excepts.