BUCANNAN *v.* RAYMOND.

FRAUD—SALES—RESCISSION—BREACH OF WARRANTY—REMEDY.
>    An action for fraud rather than for breach of warranty is
>    the proper remedy where the evidence shows that defend-
>    ant falsely, although innocently, represented, in the sale
>    of a tractor, that it was better than a new one, and that
>    it was in perfect condition.

Error to Lenawee; Hart (Burton L.), J. Sub-
mitted June 15, 1923. (Docket No. 46.) Decided
October 1, 1923.

Case by Jerome Bucannan against S. W. Raymond,
doing business as S. W. Raymond Auto Sales, for fraud
in the sale of a tractor. Judgment for plaintiff. De-
fendant brings error. Affirmed.

*J. N. Sampson,* for appellant.

*Baldwin & Alexander,* for appellee.

CLARK, J. Plaintiff returned to defendant's place
of business a tractor and equipment, and, claiming
rescission for fraud in the contract of sale, sued to re-
cover the amount he had paid, and had verdict and
judgment.

Defendant and appellant's position on error is that
there was no evidence of fraud, that he should have
had a directed verdict, and that plaintiff's remedy, if
any, is an action for breach of warranty. Defendant
stresses certain claimed warranties and overlooks, we
think, representations which plaintiff insists induced
him to purchase. The tractor in question had been
used. Defendant, a dealer, had it and a new tractor

On exclusiveness of remedy for breach of warranty provided
in contract of sale of machinery, see note in 50 L. R. A. (N. S.)
753 *et seq.*

in his place of business.   There was evidence that defendant represented to plaintiff that the tractor in question was better than a new one, that the use of it had merely "limbered it up," and that it was in perfect running condition.   There was evidence tending to show that these representations, though perhaps innocently made, were in fact false, that the tractor was defective, not in good running order, and that defendant's several attempts to correct the defects were ineffectual.   This evidence was not addressed to warranties under a valid contract but challenged for fraud the very existence of a contract.   If the facts are with plaintiff, and the jury so found, he had the right to rescind and to recover back.   We have considered all questions presented and find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, SHARPE, MOORE, and STEERE, JJ., concurred.   BIRD, J., did not sit.