## KOONTZ *v.* BAY CIRCUIT JUDGE.

1. EQUITY—JURISDICTION WILL NOT BE RETAINED WHERE PROOFS FAIL TO SHOW EQUITABLE GROUNDS OF RELIEF.
   The rule that where a court of equity has obtained jurisdiction of a controversy it will retain jurisdiction for the purpose of administering full relief, assumes that the court of equity has acquired jurisdiction, and, therefore, has no

application where plaintiff's proofs fail to establish any of the grounds of equitable relief alleged in his bill.

2. SAME—CASE PROPERLY TRANSFERRED TO LAW SIDE WHERE NO EQUITABLE GROUNDS SHOWN.

Where plaintiffs, in a suit for the rescission of a contract, failed to make out a case for rescission or other equitable relief, and their relief, if any, would be in securing a money judgment, the trial judge properly transferred the case to the law side of the court.

BIRD, J., dissenting.

Mandamus by Gilbert Koontz and another to compel Samuel G. Houghton, circuit judge of Bay county, to vacate an order transferring a suit in chancery to the law side of the court.     Submitted April 3, 1923. (Calendar No. 30,725.)     Writ denied October 1, 1923.

*John C. Shaffer* (*Kinnane & Leibrand,* of counsel), for plaintiffs.

*J. L. McCormick,* for defendant.

BIRD, J. (*dissenting*).     In February, 1921, plaintiffs sold an 80-acre farm in Gladwin county to John and Amelia Zimmerman for $12,000, taking in part payment a parcel of land in Bay county.     Zimmerman and his wife moved on to the Gladwin county farm soon after the purchase and remained there during the summer and fall of 1921.     In October, 1921, they filed their bill in the Bay circuit court, in chancery, claiming that plaintiffs in this suit were guilty of misrepresentation and fraud in the sale of the premises to them, and praying the following relief:

(a) That a decree be entered by this court requiring the defendants to reconvey to said plaintiffs the land formerly owned by them, and described in paragraph one of this bill of complaint, upon the surrender of the land contract held by plaintiffs as vendees of the Gladwin county land described in paragraph two thereof, or:

(*b*)  That defendants be required to execute to plaintiffs a warranty deed of said land described in paragraph two, upon the payment to them by plaintiffs of the reasonable value of said land (Gladwin county land) on the 8th day of February, 1921, deducting, however, from the reasonable value of said land the value placed on plaintiffs' land, viz., $5,500.

(*c*)  That plaintiffs may have such other and further relief in the premises as equity may require, and as this court shall deem meet.

The case was heard by defendant, and at the close of the proofs the defendants therein moved for a dismissal of plaintiffs' bill.  After some consideration and discussion, the chancellor announced that he thought there could be no rescission in the case because the Zimmermans had remained on the premises for nearly a year and made no complaint, after being aware that they had been defrauded, and because they had not tendered the contract of the farm back to the plaintiffs, and had taken no preliminary steps upon which a rescission could be based.  The chancellor in his return rather indicates that he thought the Zimmermans were entitled to some relief, but indicated that it was by way of damages on the law side of the court.  Counsel for the Zimmermans then moved that the case be transferred to the law side of the court, under 3 Comp. Laws 1915, § 12351.  This motion was granted and the case was moved to the law side of the court.  Plaintiffs' counsel are here complaining of this order, and praying that defendant be ordered to set it aside.  It is contended by counsel that the chancellor had no jurisdiction to make this order for various reasons.

The chancellor was of the opinion that having held against the Zimmermans on the question of rescission, he could give them no other relief under paragraph (*b*) of the prayer of their bill, but that relief must come from the law side of the court.  In this conclu-

sion we think the chancellor was in error. His court had jurisdiction of the persons and subject-matter, and he was entitled to invoke the rule that:

"When a court of equity has jurisdiction for one purpose, it may retain jurisdiction to settle all disputes relating to the subject-matter."

A court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter. 16 Cyc. p. 106. Some of the Michigan cases which support this rule are: *Whipple* v. *Farrar*, 3 Mich. 436 (64 Am. Dec. 99); *Steinbach* v. *Hill*, 25 Mich. 78; *Miller* v. *Stepper*, 32 Mich. 194; *Rickle* v. *Dow*, 39 Mich. 91; *Wallace* v. *Wallace*, 63 Mich. 326; *Chase* v. *Boughton*, 93 Mich. 285; *Drayton* v. *Chandler*, 93 Mich. 383; *George* v. *Wyandotte Electric-Light Co.*, 105 Mich. 5; *Snyder* v. *Snyder*, 131 Mich. 658; *Rhoades* v. *McNamara*, 135 Mich. 644; *Lane* v. *Michigan Traction Co.*, 135 Mich. 70; *Grabill* v. *Barnhardt Bros. & Spindler*, 160 Mich. 81; *C. H. Little Co.* v. *L. P. Hazen Co.*, 185 Mich. 316; *Albright* v. *Stockhill*, 208 Mich. 468.

Equity having obtained jurisdiction of a court to restrain a railroad company from building a trestle, after denying the relief sought, may retain jurisdiction for the purpose of awarding damages. *Lane* v. *Michigan Traction Co., supra.*

Where equity has jurisdiction of a suit to enjoin a continuing trespass it should give such relief as will finally dispose of every question involved; and an award of damages is not objectionable as depriving defendant of the right of trial by jury. *Rhoades* v. *McNamara, supra.*

*In Steinbach* v. *Hill,* 25 Mich. 78, a bill was filed for the purpose of rescinding a land contract on the ground of fraud. The remedy of rescission was

denied as in the case at bar, but the opinion indicates that damages would have been assessed had the value of the property been up to the jurisdiction of the court.

In *Carroll* v. *Rice*, Walk. Ch. 373, a bill was filed to set aside a conveyance on the ground of fraud and on account of this the complainant sought to rescind. The court denied the specific remedy of rescission, but permitted him to recover his damages. The court said, in part:

"If Carroll, on discovering these mortgages, intended to make them a ground for rescinding the sale, he should have filed his bill immediately. By a change in the times, the property had greatly decreased in value during the four years he held on to the bargain, and he should not now be allowed to throw the loss on Sargeant's representatives, who would not have been benefited by an increased value. Moreover, the property cannot be restored in the condition it was in when the mortgages were discovered, much less when it was purchased by Carroll. For these reasons, I think the sale should not be set aside. *But relief may be given to complainant in another way, under the general prayer of the bill. His damages, when ascertained, may, by a decree of the court, be directed to be indorsed as so much paid, on his bond for the purchase money in the hands of the administrator.*"

The case of *Albright* v. *Stockhill, supra,* is very similar to the present one. This case sought to rescind the contract. The court denied rescission but permitted an accounting and an equitable lien upon the lands involved. Because the court held no rescission could be had, it did not follow that no other relief could be given on the equity side of the court, if the relief was within the pleadings. Courts of law and equity have concurrent jurisdiction in actions of fraud. With a single exception courts of equity have jurisdiction to relieve in cases of fraud. In so far as the law affords relief from fraud the jurisdiction

is concurrent. 16 Cyc. p. 82; *Wyckoff* v. *Victor Sewing Machine Co.*, 43 Mich. 309; *Wright* v. *Hake*, 38 Mich. 525; *Wheeler* v. *Clinton Canal Bank*, Harr. Ch. 449.

If the chancellor was of the opinion that no rescission could be had, but that the Zimmermans were entitled to damages for the misrepresentation and fraud, he had authority to assess the damages. *Hillier* v. *Carpenter*, 206 Mich. 594. In this case plaintiff recovered damages in an action of fraud in the exchange of property and this court on appeal held that rescission and not damages was the proper remedy under the circumstances of that case and rescission was decreed.

Counsel for Zimmermans raised the question that plaintiffs did not ask the court to revoke his order before bringing mandamus proceedings. This practice is no longer necessary under the judicature act (3 Comp. Laws 1915, § 13438).

The order transferring the cause should be vacated and the chancellor should proceed to grant such relief, if any, he thinks the situation demands. Should any occasion arise for the issuance of the writ after an examination of this opinion, it should issue. Plaintiffs in the chancery case should recover costs in this proceeding.

FELLOWS, J. There should be no disagreement over the rule that, where a court of equity has obtained jurisdiction of a controversy, it will retain jurisdiction for the purpose of administering full relief. But the statement of the rule assumes that the court of equity has acquired jurisdiction. Where the plaintiff by his proof fails to establish any of the grounds of equitable relief alleged in the bill the court of equity does not acquire jurisdiction and will not assume to settle controversies which are cognizable

only at law.    *Lane* v. *Michigan Traction Co.*, 135 Mich. 70, relied upon by my Brother BIRD, belongs to a class of cases (see *Allen* v. *Thornapple Electric Co.*, 144 Mich. 370 [115 Am. St. Rep. 453]; *Stock* v. *City of Hillsdale*, 155 Mich. 375; *Holcomb* v. *Alpena Power Co.*, 198 Mich. 165) where a court of equity to which application has been made for injunctive relief considers not only the plaintiff's bare legal rights but also the damage which will result to the defendant from their enforcement, and upon the theory that he who seeks equity must do equity, requires plaintiff to accept his damages in gross and fixes the amount thereof instead of granting injunctive relief.    In *Rhoades* v. *McNamara*, 135 Mich. 644, the complainant established his right to equitable relief, *i. e.*, an injunction, and the court retained jurisdiction to assess the damages. In *Steinbach* v. *Hill*, 25 Mich. 78, what the court did was to find that there were no grounds for rescission and declined to retain jurisdiction to assess the damages but dismissed the bill.    In *Carroll* v. *Rice*, Walk. Ch. 373, the court retained jurisdiction for the purpose of enforcing the indorsement on a mortgage of the amount of damages to be ascertained by a jury, a remedy only available in a court of equity.    *Albright* v. *Stockhill*, 208 Mich. 468, was fully considered in the case to which I shall presently refer.    In *Hillier* v. *Carpenter*, 206 Mich. 594, the decree here entered was bottomed on rescission, a well-recognized ground of equitable relief.

The recent case of *Robinson* v. *Campbell*, 222 Mich. 111, written by Justice STEERE, so fully considers the question here presented and the authorities that I forego further citation of cases.    It was there said:

"For the chancery court to exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must in each case be not only

asserted in the bill but established upon the hearing. *Laubengayer* v. *Rohde*, 167 Mich. 605; *Lee* v. *Hedenskoog*, 200 Mich. 427; *Sharon* v. *Fee*, 203 Mich. 152; *James S. Holden Co.* v. *Realty Co.*, 216 Mich. 633; *Brauer* v. *Laughlin*, 235 Ill. 265 (85 N. E. 283); 36 Cyc. p. 747."

In the instant case, according to the return, the plaintiffs in the original suit failed to make out a case for rescission or other equitable relief.    Their relief, if any, would be in securing a money judgment.    Under such circumstances the trial judge properly transferred the case to the law side.    I think the writ should be denied with costs to the plaintiffs in the original suit.

WIEST, C. J., and MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred with FELLOWS, J.