## COOK v. PALMA CONSTRUCTION CO.

1. EQUITY—INJUNCTION—A COMPLETED TRESPASS WILL NOT BE ENJOINED—ADEQUATE REMEDY AT LAW—MONEY DAMAGES.

   In a suit by a landowner against a road construction company and the county road commissioners to enjoin a trespass on plaintiff's land and for damages, where it appeared that the trespass was complete and that plaintiff had an adequate remedy at law for his damages, the bill was properly dismissed.[1]

2. SAME—BILL DISMISSED WITHOUT PREJUDICE.

   Where it appears that an abutment of a bridge was so constructed as to deflect the water across plaintiff's land, causing a washout, and said condition has not been corrected, but relief by injunction was not prayed, but only money damages sought, the decree dismissing the bill will be modified and the bill dismissed without prejudice as to this feature.[2]

Appeal from Saginaw; Snow (Ernest A.), J. Submitted October 7, 1924. (Docket No. 2.) Decided December 10, 1924.

Bill by Silas Cook and another against the Palma Construction Company, the county road commissioners of Saginaw county, and others for an injunction and for damages to plaintiffs' land. From a decree dismissing the bill, plaintiffs appeal. Modified and affirmed.

*Mark T. Davis*, for plaintiffs.

*R. L. Crane*, for defendant county road commissioners.

CLARK, C. J. Plaintiffs owned a farm in Saginaw county, bounded on the north by the Cass river and on the west by a State trunk line highway, known as the Dixie Highway. The defendant board of county

[1]Injunctions, 32 C. J. § 176; [2]Id., 32 C. J. § 596 (1926 Anno).

road commissioners of that county entered into a contract with defendant Palma Construction Company, a corporation, for the construction of a cement road within the limits of such highway and opposite plaintiffs' farm. Nothing in the contract required or authorized the contractor to enter or be upon plaintiffs' farm. But it removed their road fence, a quantity of their earth, and otherwise trespassed. Plaintiffs filed a bill for injunction and for money damages. The bill was dismissed. Plaintiffs have appealed.

The proofs do not warrant relief by injunction. That further trespass was intended or threatened was not shown. The acts of trespass were complete. As to the defendant contractor there was an adequate remedy at law, an action for a money judgment for damages (*Robinson* v. *Campbell,* 222 Mich. 111; *Koontz* v. *Bay Circuit Judge,* 224 Mich. 463), and hence no relief in equity.

Some one, not disclosed by the record, in the highway improvement, constructed a wing of the abutment of the river bridge across a road ditch, into which surface waters of the road and of a natural ravine or swale were collected, to within about one foot of plaintiffs' road fence. This deflected the waters around the end of the wing of the abutment, over plaintiffs' land, and produced a washout. This was the condition when the bill was filed. Correction of this condition or relief against it by injunction is not prayed. There is no prayer for general relief. Plaintiffs seek again only money damages, but against whom does not appear. Equity can lend no aid. This record indicates that said condition ought to be corrected by the proper authorities. As to this feature, the bill will be dismissed without prejudice.

So modified, the decree is affirmed, without costs.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.