ESSENBURG  v.  RUSSELL.

1. FRAUD—MISREPRESENTATION.

A right of action for damages from fraud arises by virtue of a material misrepresentation by defendant that is relied upon by plaintiff to his detriment and such loss inured to the benefit of defendant, irrespective of whether defendant knew the representation to be false.

2. SAME—PLEADING—SUFFICIENCY OF DECLARATION.

Declaration in action for fraud in the purchase of a grocery store which clearly set forth the misrepresentation as to the cost price of the stock of merchandise, that plaintiffs who were inexperienced in the business relied thereon in making the purchase was properly held a sufficient declaration.

REFERENCES FOR POINTS IN HEADNOTES

[1]  23 Am Jur, Fraud and Deceit §§ 3, 115.
[2]  24 Am Jur, Fraud and Deceit § 243 *et seq.*
[7]  23 Am Jur, Fraud and Deceit § 15.

3. PLEADING—ANSWER—LACK OF REPLY—ADMISSIONS.

Averments in answer to declaration in fraud, which were affirmative in form but actually in support of denial on their part of plaintiff's allegations with reference to the claimed misrepresentation do not stand as admitted because not replied to by plaintiff, especially where the contention has not been presented to the trial court.

4. FRAUD—FINDINGS—COST PRICE OF STOCK OF GROCERIES—EVIDENCE.

Finding of fact by trial court in nonjury action for fraud in the sale of a grocery business that defendants had misrepresented the cost price of the stock of merchandise *held*, not contrary to the clear preponderance of the proofs presented.

5. EVIDENCE—ATTORNEY AS SCRIVENER.

It may be assumed that an attorney who drafted an agreement between the parties acted in good faith and with the purpose in mind of covering the transaction between the parties clearly and accurately.

6. COURTS—PRECEDENTS—FRAUD—EVIDENCE.

An action for fraud in the purchase of a going concern must necessarily be determined in the light of the factual situation presented in the case rather than by reference to other causes involving varying situations.

7. FRAUD—MUTUAL MISTAKE OF FACT—EVIDENCE—RELIANCE ON MISREPRESENTATION—GROCERY BUSINESS.

Defendants' claim that proofs established a mutual mistake of fact, rather than the fraud claimed by plaintiffs arising from a misrepresentation as to the cost price of stock of groceries in grocery business purchased, *held*, untenable, where plaintiffs were young and inexperienced in the grocery business, had not made any detailed examination of the merchandise in stock before closing the contract, had not procured others to do so and relied on defendants as to matter in issue as they had a right to do.

Appeal from Charlevoix; Brown (Charles L.), J. Submitted June 21, 1956. (Docket No. 78, Calendar No. 46,919.) Decided September 4, 1956.

Case by Andrew Essenburg, Jr., and Jeannine Essenburg against Otto Russell and Beatrice Russell for damages arising from misrepresentation on sale of grocery store. Judgment for plaintiffs. Defendants appeal. Affirmed.

*John S. Clark,* for plaintiffs.

*John W. Bellamy,* for defendants.

CARR, J.  This is an action for damages based on a claim of misrepresentation in the sale of a grocery store and business in the city of Charlevoix.  Prior to November 29, 1952, defendants were operating said store as proprietors under a contract of purchase from a third party.  Following some negotiations between plaintiffs and defendants the former agreed to pay the sum of $25,000 for the property, including the merchandise on hand and the good will.  The agreement was reduced to writing and signed by the parties.  It is the claim of the plaintiffs that defendants stated during the negotiations that the cost price of the stock of goods and merchandise in the store was approximately $4,000.  The contract referred thereto in specific terms, stating that "the said stock of goods and merchandise being of the value of approximately $4,000 cost price."

Plaintiffs went into possession of the store on the 1st of December following the execution of the agreement.  It is their claim that they concluded after an examination of the stock that the cost price was less than had been represented to them by defendants.  Accordingly they, with the assistance of other parties who were experienced in the grocery business, made an inventory which, as they claimed on the trial of the case, disclosed that the cost price of the stock of goods at the time of purchase was not approximately $4,000 but was in fact about 1/2 that sum.  Plaintiffs complained to defendants immediately following the taking of the inventory, but no adjustment of the matter was made.  Subsequently, under date of December 15, 1952, defendants by letter offered to rescind the transaction.  Such offer was not accepted by plaintiffs, it being their

claim, as found by the trial court, that they had altered their position by selling their home in Flint, removing to Charlevoix, and taking over the operation of the store.

Plaintiffs started the present case on December 24, 1952. The declaration filed alleged the claimed misrepresentation as to the cost price of the merchandise in the store and the statement in the contract above mentioned. It further set forth that as of November 29, 1952, the date of the contract, said cost price was the sum of $1,948.70. Defendants by their answer denied that they had misrepresented the cost price of the stock of goods, alleging in substance that the attorney who prepared the contract requested information as to the value of merchandise on hand and that defendants then insisted that they did not know the approximate cost price of the stock. The figure of $4,000 was inserted in the contract, apparently with the acquiescence and approval of the defendants. The answer further set forth defendants' offer to rescind the transaction, take back the store, and return to plaintiffs the sum of $10,000 which had been paid on the contract.

Based on the testimony offered and received at the trial, the circuit judge, hearing the matter without a jury, determined that plaintiffs had established the making of the representation as claimed and that the actual cost price of merchandise on hand at the time of the transaction was substantially as claimed by them. Judgment was accordingly entered in their favor in the sum of $1,816.41. In determining said amount the trial court gave defendants credit for the claimed value of certain empty bottles on the premises, for meat on hand, and for certain other minor items omitted by plaintiffs from their inventory. Defendants have appealed.

At the outset of the trial in circuit court counsel

for defendants moved to dismiss the case on the pleadings filed. It was claimed in support of said motion that the declaration failed to state a cause of action for damages on the ground of fraud and deceit. Reference was also made to the offer of rescission, it apparently being the theory of defendants that such action tended to negative any intention on their part to deceive plaintiffs. Decision on the motion was reserved. It is apparent from the opinion of the trial judge that he came to the conclusion that defendants' claims as to the pleadings were without merit.

It clearly appears from the record that the case was tried in circuit court on the theory of misrepresentation rather than of intentional fraud and deceit. In *Holcomb* v. *Noble,* 69 Mich 396, it was held that:

"The doctrine is settled in this State that if there was *in fact* a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a *vicious* purpose, he would have a right of action for the damages caused thereby either at law or in equity. *Converse* v. *Blumrich,* 14 Mich 109 (90 Am Dec 230); *Steinbach* v. *Hill,* 25 Mich 78; *Beebe* v. *Knapp,* 28 Mich 53; *Webster* v. *Bailey,* 31 Mich 36; *Starkweather* v. *Benjamin,* 32 Mich 305; *Baughman* v. *Gould,* 45 Mich 481." (Syllabus 3.)

In *Busch* v. *Wilcox,* 82 Mich 315, 336, an instruction to the jury by the trial court, based on the holding in the *Holcomb Case,* was approved. In *Rosenberg* v. *Cyrowski,* 227 Mich 508, 511, the rule as announced in the earlier decisions was recognized in the following language:

"When action is brought to recover for false and fraudulent representations made by one party to another in a transaction between them, any repre-

sentations which are false in fact and actually deceive the other and are relied on by him to his damage are actionable, irrespective of whether the person making them knew them to be false or acted in good faith in making them, when the loss of the party deceived inured to the benefit of the other. *Holcomb* v. *Noble,* 69 Mich 396; *Busch* v. *Wilcox,* 82 Mich 315; *Aldrich* v. *Scribner,* 154 Mich 23 (18 LRA NS 379); *Hubbard* v. *Oliver,* 173 Mich 337; *Bartholomew* v. *Walsh,* 191 Mich 252; *Mulheron* v. *Henry S. Koppin Co.,* 221 Mich 187; *Bucannan* v. *Raymond,* 224 Mich 462; 26 CJ, pp 1108, 1109; 12 RCL, pp 335, 336."

Of like import is *Goodrich* v. *Waller,* 314 Mich 456. See, also, *Sullivan* v. *Ulrich,* 326 Mich 218, in which prior decisions relating to the matter of liability for misrepresentation were cited. Whether the declaration in the case at bar alleged facts tending to show intentional fraud and deceit does not require consideration. The pleading clearly set forth the misrepresentation as to the cost price of the stock of merchandise and that plaintiffs, who claimed to have had no business experience, relied thereon in making the purchase. We are in accord with the conclusion of the trial court as to the sufficiency of the declaration.

Counsel for appellants in their brief on appeal apparently rely on the claim that the averments in their answer with reference to the inclusion in the contract of the statement as to the approximate cost price of the merchandise, and their denial that they knew the amount of such price, constituted affirmative matter that was admitted in the absence of a reply denying such averments. An examination of the answer, however, discloses that the statements in question, while affirmative in form, were actually in support of the denial on their part of the allegations contained in the declaration with reference to the claimed misrepresentation. Such being the case

the argument made is not well-founded. It may also be noted that the record does not disclose that this contention was advanced in the trial court.

It is further urged by appellants that the proofs in the case were insufficient to support the judgment. In their testimony the parties to the case were not in accord as to the statements actually made with reference to the cost price of the merchandise. It was the claim of plaintiffs that they were told on different occasions throughout the negotiations that said cost price was approximately $4,000. On the part of defendants it is contended that the only statement made relating to the matter was by Mrs. Russell who said, in substance, that if there was merchandise having a cost price value of $4,000 in the store at the time they acquired it a similar quantity was there as the time of their pending transaction with plaintiffs. This suggests that there was conversation between the parties relating to the cost price of the merchandise, and that the figure of $4,000 was considered as having some significance. It must also be borne in mind that defendants, regardless of their claimed statements to the attorney who drew the contract, and who represented them, agreed to the insertion of the cost price valuation in the form in which it appears. It may be assumed that in drafting the agreement between the parties the scrivener acted in good faith and with the purpose in mind of covering the transaction between the parties clearly and accurately. We are not prepared to say on this record that the factual findings of the circuit judge were contrary to the clear preponderance of the proofs.

Counsel have directed attention to *Achenbach* v. *Mears,* 272 Mich 74, in which a majority of this Court held that plaintiffs had not established their right to rescission of a contract involving an exchange of

property. It was there indicated that the expression of an opinion as to the value of property ordinarily is not actionable. In the case at bar, however, the misrepresentation made by defendants on which the judgment against them was based was not as to value but rather as to cost price. Furthermore, the facts involved in the cited case are not analogous to those in the case at bar. A controversy of the nature here involved must necessarily be determined in the light of the factual situation presented rather than by reference to other cases involving varying situations.

Appellants also argue that the proofs established that there was a mutual mistake of fact. We are unable to agree. Admittedly the plaintiffs were young and inexperienced in the grocery business and had not made any detailed examination of the merchandise in stock before closing the contract, nor had they procured others to determine in their behalf the cost price of the various articles in stock. They relied on the statements of defendants as to the matter in issue. This they had the right to do under the circumstances, and defendants are scarcely in position to claim otherwise.

We find no reversible error in the case, and the judgment of the trial court is affirmed. Plaintiffs may have costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and BLACK, JJ., concurred.